# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| TAWANA PRUNTY, | : | |
| :--- | :--- | :--- |
|     Plaintiff, | : | |
| | : | |
| v. | : | CIVIL ACTION NO. 18-cv-04237 |
| | : | |
| COMMISSIONER OF | : | |
| SOCIAL SECURITY, | : | |
|     Defendant. | : | |

## MEMORANDUM OPINION

**RICHARD A. LLORET**                                                                     February 4, 2019
**U.S. MAGISTRATE JUDGE**

      Tawana Prunty was denied Social Security benefits by the decision of an Administrative Law Judge ("ALJ"). Ms. Prunty contends that the ALJ's unfavorable decision was reached in error. Doc. No. 2 (Complaint), at 3. In response, the Acting Commissioner of Social Security ("Commissioner") filed a motion to dismiss, arguing that Ms. Prunty filed her complaint six days late and that there are no reasons, in this case, to justify equitably tolling the time requirement. Doc. No. 14 (Commissioner's Brief), at 3–5.

      After careful review, I find that Ms. Prunty's complaint was filed after the sixty-day limitations period for filing an appeal had expired, and that the untimely filing cannot be remedied by equitable tolling. For the reasons set forth below, the Commissioner's motion to dismiss is granted, Ms. Prunty's request for review is denied, and the complaint is dismissed with prejudice.

## **PROCEDURAL HISTORY**

An ALJ issued a decision denying Ms. Prunty's claim for Social Security benefits on March 29, 2017.[1] Doc. No. 2, at 7. Ms. Prunty subsequently requested the Appeals Council to review the ALJ's decision. *Id.* The Appeals Council denied Ms. Prunty's request for review, and notified her of this decision in a letter dated July 23, 2018. *Id.* The letter detailed the actions Ms. Prunty was required to take to request judicial review of the ALJ's decision. *Id.* at 8–9. Importantly, the letter advised Ms. Prunty of the limited time (sixty days) that she had to initiate a civil action appealing the ALJ's decision.[2] *Id.* at 9. Ms. Prunty also was informed that she could, for good reason, ask the Commissioner for an extension of this deadline.[3] *Id.*

On October 2, 2018, Ms. Prunty, proceeding *pro se*, appealed the ALJ's decision. Doc. No. 2. The Commissioner filed a motion to dismiss Ms. Prunty's complaint as untimely. Doc. No. 14. I ordered Ms. Prunty to respond, *see* Doc. No. 15, but she has not done so as of the date of this opinion.

After careful review, I find that Ms. Prunty's complaint was untimely filed and there are no circumstances that justify equitable tolling.[4]

---

[1] All of the facts summarized in this section were taken from Ms. Prunty's complaint and attached exhibit. *See* Doc. No. 2.

[2] The letter explained how the sixty days would be calculated. Doc. No. 2, at 9 ("The 60 days start the day after you receive this letter. We assume you received this letter 5 days after the date on it unless you show us that you did not receive it within the 5-day period.")

[3] "If you cannot file for court review within 60 days, you may ask the Appeals Council to extend your time to file. You must have a good reason for waiting more than 60 days to ask for court review. You must make the request in writing and give your reason(s) in the request." Doc. No. 2, at 9.

[4] The parties consented to the jurisdiction of a United States Magistrate Judge to conduct all proceedings in this case, pursuant to 28 U.S.C. § 636(c), including entry of final judgment. *See* Doc. No. 5 (Notice of Defendant's General Consent); Doc. No. 12 (Plaintiff's Consent Form).

## DISCUSSION

### A. Standard of Review

Affirmative defenses not listed in Rule 12(b) generally must be asserted in a party's answer. *See Fenimore v. Berryhill*, No. 17-4722, 2018 WL 1942359, at *1 (E.D. Pa. April 24, 2018) (citing to *Robinson v. Johnson*, 313 F.3d 128, 135 (3d Cir. 2002); *Brown v. Montgomery Cty.*, 470 Fed. App'x 87, 90 (3d Cir. 2012) (not precedential). The Third Circuit, however, allows a statute-of-limitations defense to be raised in a motion to dismiss, if "the time alleged in the statement of a claim shows that the cause of action has not been brought within the statute of limitations."[5] *Id.* (quoting *Robinson*, 313 F.3d at 135); *see also Brown*, 470 Fed. App'x at 90 (quoting *Hanna v. U.S. Veterans' Admin. Hosp.*, 514 F.2d 1092, 1094 (3d Cir. 1975)).

When considering a motion to dismiss, I may consider only "the allegations in the complaint, exhibits attached to the complaint, matters of public record, and documents that form the basis of a claim." *Lum v. Bank of America*, 361 F.3d 217, 221 n.3 (3d Cir. 2004); *see also Fenimore*, 2018 WL 1942359, at *1. I must "accept all well-pleaded factual allegations in the complaint as true and view them in the light most favorable to the plaintiff." *Pension Trust Fund for Operating Engineers v. Mortgage Asset Securitization Transactions, Inc.*, 730 F.3d 263, 268 (3d Cir. 2013). I am not bound to "accept unsupported conclusions and unwarranted inferences, or a legal conclusion couched as a factual allegation." *Id.* (quoting *Morrow v. Balaski*, 719 F.3d 160, 165 (3d Cir. 2013) (en banc)). Only claims that that "lack facial plausibility" should be dismissed. *Id.* (quoting *Morrow*, 719 F.3d at 165).

---

[5] This is known as the "Third Circuit Rule." *See, e.g., Fenimore*, 2018 WL 1942359, at *1; *Brown*, 470 Fed. App'x at 90.

### B. Ms. Prunty's Complaint Was Untimely Filed

To obtain judicial review of an ALJ's unfavorable decision, claimants must file a civil action within sixty days of receiving notice of the decision "or within such further time as the Commissioner of Social Security may allow." 42 U.S.C. § 405(g). This limitations period serves the interest of the claimant as well as the government. *Bowen v. City of New York*, 476 U.S. 467, 481 (1986). Not only does this sixty-day period further the traditional purposes of all statutes of limitation,[6] but it also "is a mechanism by which Congress was able to move cases to speedy resolution in a bureaucracy that processes millions of claims annually." Doc. No. 14, at 3–4 (quoting *Bowen*, 476 U.S. at 481). Therefore, it must be "strictly construed." *Marty v. Berryhill*, No. 17-03673, 2018 WL 1790343, at *2.

Here, the Appeals Council letter to Ms. Prunty, informing her of its final decision, was dated July 23, 2018. Doc. No. 2, at 7. The sixty-day clock began ticking five days later—July 28, 2018—because Ms. Prunty did not indicate that she received the letter at a later date. *See* Doc. No. 2, at 9;[7] *see also Marty*, 2018 WL 1790343, at *2 ("There is a presumption that the claimant received notice from the Appeals Council within five days from mailing." (citing *Cardyn v. Comm'r of Soc. Sec.*, 66 Fed. App'x 394, 396–97 (3d Cir. 2003) (not precedential)). In the absence of any tolling, Ms. Prunty had sixty days to initiate this action, before the limitations period would expire on September 26, 2018.

---

[6] "As we explained in *American Pipe & Construction Co. v. Utah*, 414 U.S. 538, 554, 94 S. Ct. 756, 766, 38 L. Ed. 2d 713 (1974), statutory limitation periods are 'designed to promote justice by preventing surprises through the revival of claims that have been allowed to slumber until evidence has been lost, memories have faded, and witnesses have disappeared. The theory is that even if one has a just claim it is unjust not to put the adversary on notice to defend within the period of limitation and that the right to be free of stale claims in time comes to prevail over the right to prosecute them." *Bowen*, 476 U.S. at 481 n.13.

[7] "We assume you received this letter 5 days after the date on it unless you show us that you did not receive it within the 5 day period." Doc. No. 2, at 9.

However, Ms. Prunty's complaint was not filed until October 2, 2018—six days after the limitations period ended.

Because Ms. Prunty filed her complaint after the limitations period had run, I must now consider whether equitable tolling is appropriate.

### C. Equitable Tolling Is Inappropriate Because Ms. Prunty Has Not Alleged Any Extraordinary Circumstances That Prevented Timely Filing

The sixty-day limitations period to file an appeal may be equitably tolled in certain circumstances. *Bowen*, 476 U.S. at 481 (finding District Court's tolling of limitation period appropriate because government's "secretive conduct" prevented plaintiffs from timely filing); *see also Marty*, 2018 WL 1790343, at *2. "While in most cases the Secretary will make the determination whether it is proper to extend the period within which review must be sought, cases may arise where the equities in favor of tolling the limitations period are 'so great that deference to the agency's judgment is inappropriate.'" *Bowen*, 476 U.S. at 480 (quoting *Mathews v. Eldridge*, 424 U.S. 319, 330 (1976)).

Equitable tolling should only be employed "sparingly." *Kramer v. Comm'r of Soc. Sec.*, 461 Fed. App'x 167, 169 (3d Cir. 2012) (not precedential) (citing to *National R.R. Passenger Corp. v. Morgan*, 536 U.S. 101, 113 (2012)). The Third Circuit has recognized that equitable tolling may be appropriate in the following circumstances: "(1) where the defendant has actively misled the plaintiff respecting the plaintiff's cause of action; (2) where the plaintiff in some extraordinary way has been prevented from asserting his or her rights; or (3) where the plaintiff has timely asserted his or her rights mistakenly in

the wrong forum."[8] *Id.* (quoting *Oshiver v. Levin, Fishbein, Sedran & Berman*, 38 F.3d 1380, 1387 (3d Cir. 1994)). However, the claimant bears the burden of establishing circumstances that justify equitable tolling. *Cardyn v. Comm'r of Soc. Sec.*, 66 Fed. App'x 394, 397 (3d Cir. 2003) (not precedential) (citing to *Courtney v. La Salle Univ.*, 124 F.3d 499, 505 (3d Cir. 1997)).

Filing a complaint even just one or two days late, on its own, does not justify equitable tolling, and courts have enforced the sixty-day limitation period in these circumstances. *See, e.g.*, *White v. Colvin*, 150 F. Supp. 3d 361, 364 (D. Del. 2015) (dismissing complaint filed one day late); *Fenimore*, 2018 WL 1942359, at *3 (dismissing complaint filed two days late).

Ms. Prunty has not alleged, and I do not find, any circumstances that would justify equitable tolling in this case. She was informed specifically, in the letter from the Appeals Council, of the sixty-day period to file an appeal and preserve her rights. Nevertheless, she missed this deadline. Ms. Prunty has not provided any explanation as to why her complaint was not timely filed. There is no indication that she requested an extension for the deadline from the Commissioner.[9] She did not even respond to the Commissioner's motion, despite my order for her to do so. *See* Doc. No. 15. Therefore, I find that Ms. Prunty has not borne her burden of establishing circumstances that would justify equitable tolling.

---

[8] Equitable tolling also may be appropriate when the claimant alleges "that she failed to timely appeal because she was unable to comprehend her right to judicial review as a result of a mental impairment." *Cardyn v. Comm'r of Soc. Sec.*, 66 Fed. App'x 394, 398 n.2 (3d Cir. 2003) (not precedential). Ms. Prunty has not alleged that a mental impairment was the reason for not timely filing her complaint.

[9] Ms. Prunty did not allege that she requested an extension. The Commissioner averred that she "is unaware of any additional requests for an extension of time to file a civil action as specified in the Appeals Council's July 23, 2018 letter and in section 205(g) of the Social Security Act, as amended (42 U.S.C. 405(g)), and in section 422.210 of the Social Security Administration regulations (20 C.F.R. 422.210)." Doc. No. 14 at 4–5.

Furthermore, the fact that she only missed the deadline by six days is simply not enough to toll the statute of limitations: courts, in similar cases, have dismissed complaints that were filed closer to the deadline. *See, e.g.*, *White*, 150 F. Supp. 3d at 364. Accordingly, under these circumstances, I must enforce the limitations period and dismiss Ms. Prunty's complaint.

## **CONCLUSION**

Based upon the discussion above, the Commissioner's motion to dismiss is granted. Ms. Prunty did not initiate this action within the prescribed time period, and I find that there are no grounds for equitable tolling. Therefore, Plaintiff Tawana Prunty's complaint is dismissed with prejudice.

**BY THE COURT:**

 *s/Richard A. Lloret*
**RICHARD A. LLORET**
**U.S. Magistrate Judge**